**BOYD v. DILLARD, County Judge, et al.**

**No. 5111.**

Court of Civil Appeals of Texas. Amarillo.

April 10, 1939.

Nelson & Brown, of Lubbock, for appellant.

Robert J. Allen, of Lubbock, for appellees.

STOKES, Justice.

This suit had for its purpose the procuring by appellant, M. C. Boyd, of a writ of mandamus against J. J. Dillard, county judge, and the other appellees as the county commissioners of Lubbock County. The grounds upon which the writ was sought were that appellant, at the general election in November, 1938, was duly elected hide and animal inspector of Lubbock County and that appellees had refused to recognize the existence of such office, declined to fix and approve his bond, permit him to qualify and enter upon the duties of the office, or to receive the emoluments thereof. He prayed for a decree of the court declaring that the office of inspector of hides and animals existed in Lubbock County and for a writ of mandamus requiring appellees to fix and pass upon the sufficiency of his bond, recognize his right to the office, designate the emoluments thereof, and permit him to proceed in the discharge of the duties of the office.

Appellees urged a general demurrer and numerous special exceptions to the petition and, upon a hearing, the general demurrer was sustained by the trial court. Appellant declined to amend and the suit was dismissed, to which appellant duly excepted and gave notice of appeal.

The general demurrer was sustained upon the theory that, under the law, no such office as that of hide and animal inspector exists in Lubbock County.

Appellant's second proposition of law raises the controlling question in the case. It is to the effect that Lubbock County having, by a majority vote of the qualified voters on October 18, 1909, adopted the provisions of what is now Art. 7006 of the Revised Civil Statutes of 1925, and having thus determined that the county should have and maintain the office of hide and animal inspector, such office shall continue in existence until such time as the Legis-

lature might repeal the entire article or the voters of the county, at an election called for that purpose, shall, by majority vote, discontinue the office. It is contended that, neither of these contingencies having occurred, the office is still in existence and, having been duly elected at the preceding November general election, he is entitled to qualify, assume the duties and receive the emoluments of the office.

The question to be decided, therefore, is whether or not the office of hide and animal inspector exists in Lubbock County.

The Constitution, Art. 16, Sec. 23, Vernon's Ann.St., provides that: "The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them, before it shall go into effect."

This provision was included in the Constitution as it was adopted in 1876. Soon after the adoption of the Constitution, the Legislature passed a comprehensive act for the protection of stock raisers, the principal elements of which are now included in Chapter 7, Title 121, R.C.S.1925, embracing Arts. 6972 to 7004, inclusive. In the original act Lubbock County was not exempted from its provisions, but remained subject to all of the provisions of the act until 1917 when the 35th Legislature, by an act approved March 28, 1917 (Acts 35th Legislature, p. 303), included Lubbock County with a large number of other counties in the list of those which were exempted from the provisions of the act.

In 1909 the 31st Legislature enacted what is now Arts. 7006, 7007 and 7008 which provide substantially that whenever twenty-five qualified voters of each justice precinct in any county, or a majority thereof, shall petition the commissioners' court for an election to determine whether such county shall have a hide and animal inspector, the court shall order such election to be held after thirty days notice. The act provides for the appointment of judges and clerks to hold the election, the form of ballot to be used, the manner in which the returns shall be made to the commissioners'

court and that, if a majority of the votes are for the inspector, the persons holding such office shall retain the same to the next general election or until their successors are elected and qualified. It is further provided that, in counties having no inspector, the commissioners' court shall appoint one to hold until the next general election, and provision is also made for the collection of fees by the inspector and the amount thereof placed within certain limitations. It was under the provisions of this act of 1909 that the election was held in Lubbock County on October 18, 1909, and we think we may presume from the record that the office of hide and animal inspector continued to exist in the county and that it was occupied by an appointed or elected encumbent continuously from the date of the election until Lubbock County was, by act of the Legislature in 1917, exempted from the provisions of the law. It is not alleged nor contended by appellant that any authority exists under which he is entitled to be recognized as the official hide and animal inspector of the county other than the act of 1909, but he contends that the Legislature not having repealed that act in its entirety and the same not having been abolished by the qualified voters of the county at an election held for that purpose, the act of 1909 is still valid in, and applicable to, Lubbock County.

The act of 1909, brought forward, as we have said, in Arts. 7006 to 7008, inclusive, is a general law such as the Legislature is authorized to enact by Art. 16, Sec. 23 of the Constitution relating to the stock raising portion of the state. That section of the article also specifically gives to the Legislature authority to exempt from the operation of such laws other portions, sections or counties of the state. The 35th Legislature, by the act approved March 28, 1917, exempted Lubbock County from all laws regulating the inspection of hides and animals. Art. 7005, R.C.S. In 1921 a similar action was taken by the Legislature. Again in 1927 and at numerous times thereafter, similar acts were passed, the last one being by the 45th Legislature in 1937. All these acts are now culminated in Art. 7005, as amended, of the Revised Civil Statutes of 1925, Vernon's Ann.Civ. St. art. 7005. Each of them contains the specific provision that the counties therein named are exempted from all laws regulating the inspection of hides and animals and each of them includes Lubbock Coun-

ty in its list of exempted counties. That Art. 7006 is a law regulating the inspection of hides and animals, and that it is such a law as is contemplated by Art. 16, Sec. 23 of the Constitution in which the Legislature is given authority to exempt counties from the operation of laws passed by it regulating the inspection of hides and animals, cannot seriously be questioned.

■ Appellant contends that, the Legislature having once given to Lubbock County the right to vote upon the question of whether or not it should have an inspector of hides and animals, and the county having taken advantage of such right, the Legislature was without authority arbitrarily to withdraw the privilege and thereby abolish the office by exempting that county from the operation of the stock law. In support of this contention we are cited to the case of Ex parte Richards, 44 Tex.Cr. R. 561, 72 S.W. 838. That was a case involving the local option laws which gave to counties and other subdivisions of the state authority to determine by local elections whether or not intoxicating liquors should be sold in such counties or subdivisions. The answer to this contention is that the constitutional provision respecting local option in its relation to the sale of intoxicating liquors was entirely different from that which is contained in Art. 16, Sec. 23, respecting laws relating to the inspection of hides and animals. In the former it was specifically provided that, once the local subdivision, at an election held for that purpose, determined that the sale of intoxicating liquors should be prohibited therein, such prohibition could be abolished only by like action taken by the county or subdivision by majority vote of its electors in a similar election. No such provision is contained in Art. 16, Sec. 23. On the other hand, by that article and section, the Legislature is given specific authority to exempt counties, sections, and portions of the state from the operation of laws pertaining to the inspection of hides and animals. The Legislature, on numerous occasions, as we have shown, exercised this constitutional privilege by exempting or removing Lubbock County from the provisions of all laws regulating the inspection of hides and animals. This it had the right to do under the plain provision of the Constitution and there having been no law enacted by the Legislature again placing that county under the provisions of the law or removing the exemption, Lubbock County has, since 1917, been wholly removed and excepted from the provisions of the laws relating to the inspection of hides and animals, and was so removed and excepted at the time appellant purportedly was elected to the office at the general election in 1938.

Appellant takes the position that the act of 1909 (Art. 7006, R.C.S.) having been enacted long after the enactment of the original stock law of 1876, and being a general law, specifically applying to all counties of the state and containing no list of counties which are excepted or exempted from its operation, is an independent law, separate and distinct from the laws enacted under Art. 16, Sec. 23, of the Constitution. It is argued that authority to establish the office of hide and animal inspector having been given to any county in the state by such separate and independent enactment, and Lubbock County having adopted its provisions, the office stands until the Legislature, by specific enactment, repeals the act of 1909 in its entirety or the people of the county abolish the office by an election held for that purpose. The gravamen of this argument is that the act of 1909 (Art. 7006) is not a portion of the general stock law enacted in 1876 under the constitutional provision mentioned, but independent of the earlier enactment and the constitutional provision giving to the Legislature the right to exempt counties, sections and portions of the state from its operation does not apply to the later act. Appellant urges, therefore, that authority to establish the office of hide and animal inspector having been given by such separate and independent enactment, and Lubbock County having adopted its provisions, the office stands until the Legislature, by specific enactment, repeals the law in its entirety or the people of the county abolish it by an election held for that purpose. We cannot accede to this contention. In the first place, the act of 1909 (Art. 7006), although passed long after the general stock law was enacted in 1876, is part and parcel of that law as it now exists. It is unquestionably a law regulating the inspection of hides and animals such as those laws from which the Legislature has authority to exempt counties, sections and portions of the state as provided by the Constitution. In the second place, there is no authority in our Constitution by which the voters of a county or other subdivision may abolish the office of hide and animal inspector. By exempting Lubbock County from its provisions, the law, as it pertained to Lubbock County, was

repealed by the act of 1917, and subsequent acts of the Legislature, as effectively and completely as it would have been had the entire act been repealed and this, as we have stated, the Legislature unquestionably had authority to do under the specific provision of the Constitution.

From what we have said it is evident that in our opinion Lubbock County was not subject to the provisions of Chapter 7, Title 121, embraced in Arts. 6972 to 7008, inclusive, of the Revised Civil Statutes of 1925, as amended, Vernon's Ann. Civ.St. arts. 6972–7008, at the time the general election was held in November, 1938. The county not being subject to the law but being specifically exempted therefrom and the office of hide and animal inspector being subject to one of the provisions of the law in question, the office of hide and animal inspector did not exist in Lubbock County at the time appellant purportedly was elected to such office and the action of the court below in sustaining the general demurrer to his petition was the correct and proper one.

There being no error revealed by the record, the judgment of the court below will be affirmed.