

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 19, 1977

Honorable W. E. Snelson, Chairman
Committee on Intergovernmental
   Relations
Senate of the State of Texas
Austin, Texas

Opinion No. H-995

Re: Status of the offices of
Inspector of Hides and Animals,
and of Public Weigher in Harris
County.

Dear Senator Snelson:

The Senate Intergovernmental Relations Committee is considering separate bills to abolish the office of public weigher in Harris County and also the office of inspector of hides and animals in that county. You ask whether article 16, section 64 of the Texas Constitution requires that each county have an office of inspector of hides and animals, and whether article 16, section 65 requires that each county have an office of public weigher.

Both those constitutional provisions, added in 1954, expressly mention the office of Inspector of Hides and Animals, and section 65 of article 16 expressly mentions Public Weighers also, but neither of them purports to establish such offices or to require that each county in the state maintain them. Article 16, section 64 specifies a term of four years for the inspector of hides and animals specifically, and for county and precinct officers generally. Article 16, section 65 regulates the transition from two year to four year terms for various offices.

Attorney General Opinion WW-1110-A (1962) indicated that the offices of inspector of hides and animals and public weigher existed in only a few counties even though their terms were mentioned in the Constitution. That opinion construed article 16, sections 64 and 65 as merely intending to increase to four years the terms of certain constitutional and statutory offices which article 16, section 30 of the Constitution had theretofore limited to two years. Thus, it is our opinion that neither office is mandated by article 16, sections 64 or 65 of the Constitution.

You also ask if article 13.08(c) of the Texas Election Code establishes either office or requires that each county hold elections for them.

Article 13.08 of the Election Code governs the conduct of primary elections. Subsection (c) thereof sets out the schedule of fees which a candidate must pay in order to have his name placed on the ballot for the office he seeks. It specifically lists fees for inspectors of hides and animals and for public weighers, but, again, the statute does not purport to establish such offices.

With respect to the office of inspector of hides and animals, you ask two additional questions:

Does Chapter 130, Acts of the Sixteenth Legislature, Regular Session, adding Harris County to the counties in which all laws relating to acts encouraging stock raising and for the protection of stock raisers, abolish the Office of Inspector of Hides and Animals in Harris County?

Does the inclusion of Article 7306 in Title 124 of the 1911 Codification of the Texas Revised Civil Statutes [now V.T.C.S. art. 7006] operate to negate the provision of Article 7305 [now V.T.C.S. art. 7005] of that same Act? Article 7305 exempts many counties, among them being Harris County, "from the provisions of this chapter, and from all laws regulating inspection of hides and animals."

Virtually identical questions were answered by the Amarillo Court of Civil Appeals in Boyd v. Dillard, 127 S.W.2d 963 (Tex. Civ. App. -- Amarillo 1939, writ ref'd). In that case Boyd was elected inspector of hides and animals for Lubbock County but Dillard, the county judge, refused to allow him to qualify or to enter upon the duties of the office. The court first characterized the question to be decided as "whether or not the office of hide and animal inspector exists in Lubbock County," and then traced the background of the office, at page 964:

The Constitution, Art. 16, Sec. 23, Vernon's Ann.St., provides that:  "The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the free-holders of the section to be affected thereby, and approved by them, before it shall go into effect."

This provision was included in the Constitution as it was adopted in 1876.  Soon after the adoption of the Constitution, the Legislature passed a comprehensive act for the protection of stock raisers, the principal elements of which are now included in Chapter 7, Title 121, R.C.S. 1925, embracing Arts. 6972 to 7004, inclusive.

Article 6972 establishes the office of Inspector of Hides and Animals and requires that such an officer be elected in "[e]ach organized county, not expressly excepted herein." The excepted counties are listed by article 7005.  Like Harris County, Lubbock County was not one of those excepted in the original 1876 act.  Harris County was added to the excepted list by the Sixteenth Legislature in 1879 and Lubbock County in 1917.  As the Boyd v. Dillard court explained:

In 1909 the 31st Legislature enacted what is now Arts. 7006, 7007 and 7008 which provide substantially that whenever twenty-five qualified voters of each justice precinct in any county, or a majority thereof, shall petition the commissioners' court for an election to determine whether such county shall have a hide and animal inspector, the court shall order such election to be held after thirty days notice.

Id. at 964.

The Boyd v. Dillard court held that the legislative in-
clusion of Lubbock County in the article 7005 list of excepted
counties abolished the office of inspector of hides and animals
in Lubbock County notwithstanding that Lubbock County had pre-
viously voted to have such an officer for the county inasmuch as
it exempts such counties "from all laws regulating the inspec-
tion of hides and animals," including article 7006. Id. at 964.
The court observed at page 965:

> That Art. 7006 is a law regulating the
> inspection of hides and animals, and
> that it is such a law as is contem-
> plated by Art. 16, Sec. 23 of the Con-
> stitution in which the Legislature is
> given authority to exempt counties from
> the operation of laws passed by it re-
> gulating the inspection of hides and
> animals, cannot seriously be questioned.

Article 7006 does not apply to Harris County because
article 7005 and its predecessors exempt Harris County from
its operation. Boyd v. Dillard, supra. See also Attorney
General Opinions O-7242 (1946); O-508 (1939); 53 Tex. Jur. 2d,
Stock Laws § 20 at 370. Therefore, it is our opinion that
chapter 130, Acts of the 16th Legislature, abolished the office
of Inspector of Hides and Animals in Harris County.

In connection with the office of Public Weigher you ask:

> If no local option election has been
> held creating the office of Public
> Weigher in Harris County, does such
> an office exist?

The office of public weigher is an elective office "[i]n
all counties other than Travis County in which there are no
city or cities in which the Secretary of State is authorized
to appoint public weighers." V.T.C.S. art. 5683. The
Secretary of State is authorized "and required" to appoint
five persons as public weighers in every city which receives
annually one hundred thousand bales of cotton on sale or for
shipment; in every city and town which receives any other
commodities in large quantities "it shall be lawful" for him
to appoint public weighers. V.T.C.S. art. 5681. Houston

is such a city, and therefore there is no statutory provision for the election of a public weigher in Harris County, but the Secretary of State is required by law to appoint public weighers for certain cities.  See V.T.C.S. art. 5692; Attorney General Opinion M-122 (1967).  Generally see 61 Tex. Jur. 2d, Weights and Measures § 2 at 71.

## S U M M A R Y

The offices of inspector of hides and animals and of public weigher are not established by article 16, sections 64 or 65 of the Texas Constitution for each county of the state, nor does article 13.08 of the Texas Election Code establish such offices.  The offices are otherwise statutorily established, but the office of inspector of hides and animals in Harris County has been statutorily abrogated and the office of public weigher in Harris County is an appointive office, not an elective office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml